UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
U.S. BANK TRUST, N.A., AS TRUSTEE
FOR LSF9 MASTER PARTICIPATION
TRUST,

                Plaintiff,            **MEMORANDUM AND ORDER**
                                                   18-CV-530 (PKC) (AKT)
          - against-

FARID ADHAMI, MITRA ADHAMI,
NICOLE ADHAMI, DAVID ADHAMI,
NASSAU COUNTY CLERK, SHEARSON
HOME LOANS SUCCESSOR BY MERGER
TO EHOMECREDIT CORP. FKA FHB
FUNDING CORP.,

                Defendants.
----------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

       Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, brings this diversity action against Defendants, pursuant to Article 13 of the New York Real Property Actions and Proceeding Law, to foreclose a mortgage encumbering 97 Ash Drive, Great Neck, New York (the "Property"). Before the Court is the motion to dismiss of Defendants Farid Adhami, Mitra Adhami, Nicole Adhami, and David Adhami (collectively, the "Adhami Defendants"). For the reasons set forth herein, that motion is denied.

## BACKGROUND

I.  **Relevant Facts**[1]

On January 23, 2004, Defendants Farid Adhami and Mitra Adhami executed and delivered a Note whereby they promised to pay the sum of $343,000 plus interest on the unpaid Note. (Complaint ("Compl."), Dkt. 1, at ¶ 14.) As security for the Note, Defendants executed and delivered a mortgage on the Property on February 13, 2004. (*Id.* at ¶ 15.) The mortgage was recorded by Defendant Nassau County Clerk's Office and assigned to non-party Chase Bank, the predecessor-in-interest to Plaintiff. (*Id.* at ¶¶ 15-16.)

On June 25, 2009, Chase commenced a foreclosure action on the Property against Farid and Mitra Adhami in New York Supreme Court, Nassau County. (Dkt. 25-2, at 45-56 (Summons and Complaint).)[2] In relevant part, the complaint stated that "[Chase] elects to call due the entire amount secured by the mortgage." (*Id.* at 48.) Mitra Adhami moved to dismiss the complaint for lack of subject jurisdiction, which was granted on July 7, 2010. (*Id.* at 57-58 (Order granting motion to dismiss).) On August 10, 2010, Farid and Mitra Adhami transferred the Property to Defendants Mitra, Nicole, and David Adhami, who are the current owners of the Property.

---

[1] In deciding a motion to dismiss under Rule 12(b)(6), the Court must assume as true the allegations in the complaint. *Littlejohn v. City of N.Y.*, 795 F.3d 297, 306-07 (2d Cir. 2015). A district court may also consider "matters of which judicial notice may be taken, or documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks and citation omitted). That is, "a court may take judicial notice of prior pleadings, orders, judgments, and other related documents that appear in the court records of prior litigation and that relate to the case *sub judice*." *Wai Hoe Liew v. Cohen & Slamowitz, LLP*, 265 F. Supp. 3d 260, 271 (E.D.N.Y. 2017), *as revised* (June 16, 2017) (citation omitted).

[2] Page numbers refer to the pagination generated by the CM/ECF system, and not the document's internal pagination.

(Compl., at ¶ 17.)[3] On June 6, 2011, Chase commenced a second foreclosure action on the Property against the Adhami Defendants (the "2011 action"). (Dkt. 25-2, at 61-72 (Summons and Complaint).) The complaint similarly stated that "[Chase] elects to call due the entire amount secured by the mortgage." (*Id.* at 65.) On November 6, 2012, Chase filed a stipulation of dismissal in the 2011 action as to Defendants Mitra, David, and Nicole Adhami, and filed a stipulation cancelling the notice of pendency on January 25, 2013. (*Id.* at 74-75 (Stipulation of Dismissal), 82-83 (Stipulation Cancelling Lis Pendens).) The mortgage was subsequently assigned to Plaintiff in this action, U.S. Bank Trust, N.A., in 2015. (Compl., at ¶ 16; *see also* Dkt. 1-3.)

On August 11, 2017, Chase filed a motion to dismiss the 2011 action, stating that it was "elect[ing] not to proceed with the subject foreclosure action" and that "[Chase] hereby revokes the acceleration of the maturity of the loan that is the subject of the foreclosure action and withdraws its prior demand for immediate payment[.]" (Dkt. 25-2, at 85-92.) On March 13, 2018, the state court issued a Short Form Order granting Chase's motion to voluntarily discontinue the 2011 action. It noted that "defendants all oppose the plaintiff's motion on the grounds that it improperly seeks to revoke the acceleration of the loan's maturity[,]" but found that "the resolution of that matter is not ripe for judicial review at this juncture." (*Id.* at 94-95 (Short Order).)

## II. Procedural History

Plaintiff U.S. Bank Trust, N.A. filed the instant action on January 25, 2018. (Dkt. 1.) No Defendant timely filed an answer. On March 26, 2018, Plaintiff moved for default against all Defendants pursuant to Federal Rule of Civil Procedure 55(a). (Dkt. 14.) That same day, the Adhami Defendants moved to withdraw the certificate of default as to them. (Dkt. 15.) That

---

[3] Although the complaint in this action is far from a model of clarity, it appears that Defendant Shearson Home Loans has had a lien on the Property since 1997. (Compl., at ¶ 25.)

3

motion was granted by the Honorable Leonard D. Wexler on March 28, 2018. (Mar. 28, 2018 Order.) The Adhami Defendants' motion to dismiss was fully briefed on June 8, 2018. (Dkt. 25.)

## LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The standard for reviewing a 12(b)(1) motion to dismiss "is essentially identical to the 12(b)(6) standard," *Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 286 (E.D.N.Y. 2013), except that "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists[,]" *Makarova*, 201 F.3d at 113. In adjudicating a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the court may consider matters outside the pleadings. *Id.*

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). "In addressing the sufficiency of a complaint, [the Court] accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [the Court is] not required to credit conclusory allegations or

4

legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).

## DISCUSSION

The Adhami Defendants move to dismiss the complaint on three grounds: (1) Plaintiff has not demonstrated subject matter jurisdiction; (2) this action is barred by the statute of limitations; and (3) the Court should abstain from deciding this matter. The Court will address each of these arguments in turn.

### A. Subject Matter Jurisdiction

When a defendant "moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, and also moves to dismiss on other grounds, such as Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must consider the Rule 12(b)(1) challenge first." *Pivotal Payments, Inc. v. FVA Ventures, Inc.*, No. 11-CV-5713 (SJF)(ARL), 2012 WL 3887360, at *2 (E.D.N.Y. July 30, 2012), *report and recommendation adopted,* No. 11-CV-5713 (SJF)(ARL), 2012 WL 3909739 (E.D.N.Y. Sept. 6, 2012) (citation and internal quotation marks omitted).

Defendants state in a conclusory fashion that Plaintiff has not demonstrated subject matter jurisdiction. (Defendants' Brief ("Defs.' Br."), Dkt. 27, at 13-14.) The Court disagrees; here, there is diversity jurisdiction pursuant to 28 U.S.C. § 1348.

Under 28 U.S.C. § 1348, all national banking associations "shall, for the purposes of . . . actions by or against them, be deemed citizens of the States in which they are respectively located." In *Wachovia Bank v. Schmidt*, the Supreme Court "addressed the meaning of 'located' within § 1348, finding that a national banking association is located for diversity purposes 'in the State designated in its articles of association as its main office.'" *U.S. Bank Tr., N.A. v. Dupre*, No. 15-

CV-0558 (LEK)(TWD), 2016 WL 5107123, at *3 (N.D.N.Y. Sept. 20, 2016) (quoting *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006)). "[I]t is the law of this Circuit that [a] national bank is a citizen only of the state in which its main office is located, and not the state in which its principal place of business is located, if that state differs from the location of its main office." *U.S. Bank Tr., N.A. for LSF9 Master Participation Tr. v. Gross*, 255 F. Supp. 3d 427, 431 (W.D.N.Y. 2017) (citation and internal quotation marks omitted).

Plaintiff's complaint only asserts its principal place of business, rather than its main office (Compl., at ¶ 2); however, Plaintiff has sufficiently proven diversity of citizenship because Defendants are citizens of New York and Las Vegas (*id.* at ¶¶ 3-9), and Plaintiff has provided its Certified Articles of Association, which state that its main office is in Delaware (Dkt. 26-1, at 170).[4] *See also U.S. Bank Tr., N.A. for LSF9 Master Participation Tr. v. Gebman*, No. 16-CV-7033 (CS), 2018 WL 3745672, at *2 (S.D.N.Y. Aug. 7, 2018).

Accordingly, the Court has subject matter jurisdiction over this matter under Section 1348.

---

[4] Moreover, in considering whether Plaintiff, as trustee, has the power to file a lawsuit in its own name, courts have found that business trust trustees, who have legal title, manage the trust's assets, and control the litigation, and whose control over the assets is real and substantial, could sue in their own right without regard to the citizenship of the trusts' beneficiaries. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465-66 (1980). Based on the unredacted portions of Plaintiff's Trust Agreement provided to the Court, Plaintiff was given the power "to assign, grant, transfer, pledge, mortgage and/or convey Mortgage Loans and [Real Estate Owned] Properties and other assets to any party[,]" and "to hold, manage and distribute its property and assets and any proceeds . . . (including but not limited to commencing any enforcement proceedings or actions and taking any such further action incidental thereto)." (Dkt. 26-1, at 187 (Trust Agreement).) Under this Trust Agreement, Plaintiff is authorized to act on the behalf of the Trust and has the ability to sue in its own right. (*Id.*); *Natixis Real Estate Capital Trust 2007-HE2 v. Natixis Real Estate Holdings, LLC*, 149 A.D. 3d 127, 132 (1st Dep't 2017); *but see Dupre*, 2016 WL 5107123, at *2 (dismissing Plaintiff U.S. Bank's complaint for lack of subject matter jurisdiction where it "attach[ed] the trust instrument as an exhibit, [but] the text of that instrument was almost entirely redacted"). Therefore, as the party of interest in this action, it is Plaintiff's citizenship that is determinative of subject matter jurisdiction and not that of the Trust. *Navarro Sav. Ass'n*, 446 U.S. at 466.

**B. Statute of Limitations**

Defendants argue that this action should be dismissed as time-barred. "Because the statute of limitations is an affirmative defense, the defendant bears the burden of establishing by *prima facie* proof that the limitations period has expired since the plaintiff's claims accrued. . . . The burden then shifts to the plaintiff to establish that the limitations period should be tolled." *Overall v. Estate of Klotz*, 52 F.3d 398, 403 (2d Cir. 1995). Under New York law,[5] "an action to foreclose a mortgage may be brought to recover unpaid sums . . . due within the six-year period immediately preceding the commencement of the action." *Wells Fargo Bank, N.A. v. Burke*, 943 N.Y.S.2d 540, 4542 (2d Dep't 2012) (citing N.Y. C.P.L.R. 213(4)). Generally, "when a mortgage is payable in installments, causes of action accrue separately for each installment that is not paid, and the statute begins to run from the respective due date for each installment. However, even if a mortgage is payable in installments, if the mortgage debt is accelerated, the entire amount becomes due and subject to a single six-year statute of limitations." *Zucker v. HSBC Bank, USA,* No. 17-CV-2192 (DRH)(SIL), 2018 WL 2048880, at *5-6 (E.D.N.Y. May 2, 2018). New York law also provides that the filing of a summons and complaint commencing a foreclosure action constitutes an acceleration. *Id.* (collecting cases); *see also Costa v. Deutsche Bank Nat'l Tr. Co. for GSR Mortg. Loan Tr. 2006-OA1*, 247 F. Supp. 3d 329, 340 (S.D.N.Y. 2017), *appeal withdrawn sub nom. Costa v. Deutsche Bank Nat'l Tr. Co. for GSR Mortg. Loan Tr. 2006-OA1, Mortg. Pass-Through Certificates, Series 2006-OA1*, No. 17-928, 2017 WL 4574795 (2d Cir. July 12, 2017). To stop the statute of limitations, "a mortgagee who has elected to accelerate, may revoke its decision to

---

[5] When interpreting contracts in a diversity action, federal courts generally enforce the parties' contractual choice of governing law. *Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel,* 346 F.3d 360, 365 (2d Cir. 2003). Here, the parties do not dispute that the mortgage at issue is governed by New York law.

7

accelerate a mortgage debt by an 'affirmative act or revocation' taken within the six-year limitations period subsequent to the election to accelerate." *Zucker,* 2018 WL 2048880, at \*6 (quoting *Kashipour v. Wilmington Sav. Fund Soc'y, FSB*, 41 N.Y.S.3d 738, 739 (2d Dep't 2016)).

Here, Plaintiff's predecessor-in-interest, Chase, commenced a foreclosure action against Defendants Farid and Mitra Adhami in 2009, which specifically stated, *inter alia*, that "Plaintiff elects to call due the entire amount secured by the mortgage." (Dkt. 25-2, at 48.)[6] Under New York law, the commencement of the 2009 action accelerated the mortgage and started the running of the statute of limitations. The dismissal of that action for lack of subject jurisdiction did not revoke Plaintiff's acceleration. *Fed. Nat. Mortg. Ass'n v. Mebane*, 618 N.Y.S.2d 88, 89 (2d Dep't 1994) ("It cannot be said that a dismissal by the court constituted an affirmative act by the lender to revoke its election to accelerate."); *Zucker*, 2018 WL 2048880, at \*7. However, the second foreclosure action, the 2011 action, was voluntarily discontinued by Chase in 2012. (Dkt. 25-2, at 74-75.) Plaintiff argues that this voluntary discontinuance constituted an affirmative act by the lender to revoke its election to accelerate, and that the cause of action relevant to this case only accrued when the May 1, 2012 mortgage loan installment was not paid. (Plaintiff's Brief, Dkt. 26-2, at 16-19; Compl., at ¶¶ 18-19.) By contrast, Defendants argue that Plaintiff did not de-accelerate the mortgage until August 2017—more than two years after the expiration of the six-year statute of limitations—when it filed a motion to dismiss explicitly stating that "Plaintiff hereby revokes the acceleration of the maturity of the loan that is the subject of the foreclosure action and withdraws its prior demand for immediate payment[.]" (*Id.* at 85-92; Defs.' Br., at 10-14.) Therefore, the Court considers whether Plaintiff's voluntary discontinuance in 2012 constituted an

---

[6] The fact that the prior action was filed by Chase is irrelevant given that Plaintiff steps into the shoes of Chase as the alleged assignee of the Note and mortgage. *See Fallon v. Wall St. Clearing Co.*, 586 N.Y.S. 2d 953, 956 (1st Dep't 1992).

affirmative act by the lender to revoke its election to accelerate, thereby tolling the statute of limitations.

In *Zucker*, this Court noted that "[t]he New York Court of Appeals has not addressed whether the voluntary discontinuance of a foreclosure action constitutes an affirmative act revoking a prior acceleration." 2018 WL 2048880, at *7; *see also In re Taylor*, 584 B.R. 590, 595 (Bankr. E.D.N.Y. 2018) ("New York courts have acknowledged that the law has not specified exactly which act or acts are sufficient to revoke acceleration."). In the absence of a decision from the New York Court of Appeals, federal courts will "[p]rincipally . . . consider the language of the state intermediate appellate courts to be helpful indicators of how the state's highest court would rule. Although [the Court is] not strictly bound by state intermediate appellate courts, rulings from such courts are a basis for 'ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'" *DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005) (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223 237 (1940)). New York State appellate courts have provided limited guidance on the mortgage acceleration question at issue here. In *NMNT Realty Corp. v. Knoxville 2012 Trust*, the Second Department found that "when a mortgagee moves for and is granted an order of discontinuance, it raises a question of fact as to [whether] there was an affirmative act to revoke its election to accelerate." *Zucker*, 2018 WL 2048880, at *7 (discussing *NMNT Realty Corp. v. Knoxville 2012 Tr.*, 58 N.Y.S.3d 118, 120-21 (2d Dep't 2017)); *see also Cortes-Goolcharran v. Rosicki, Rosicki & Associates, P.C.,* No. 17-CV-3976 (FB)(SJB), 2018 WL 3748154, at *3 (E.D.N.Y. Aug. 7, 2018) ("Discontinuance of a foreclosure action does not necessarily constitute such an affirmative act. Rather, it may, as in *NMNT Realty*, 'raise[ ] a triable issue of fact' as to the intent behind the discontinuance.'") (quoting *NMNT Realty*, 58 N.Y.S.3d at

120). And in *Freedom Mortgage Corporation v. Engel,* the Second Department held that the lower court erred when it failed to grant defendants' motion for summary judgment, finding that "the plaintiff's execution of the . . . stipulation [of dismissal] did not, in itself, constitute an affirmative act to revoke its election to accelerate, since, *inter alia*, the stipulation was silent on the issue of the revocation of the election to accelerate, and did not otherwise indicate that the plaintiff would accept installment payments from the defendant." No. 1139/15, 2018 WL 3371696, at *2 (N.Y. App. Div. July 11, 2018); *see also U.S. Bank Trust, N.A. v. Aorta*, 89 N.Y.S.3d 717, 719 (N.Y. App. Div. Dec. 12, 2018) (finding on summary judgment that a plaintiff's motion to voluntarily discontinue a foreclosure action did not raise a triable issue of fact with respect to revocation because the plaintiff failed to demonstrate the basis for the motion and the order of discontinuance did not expressly address the election to accelerate); *Ventures Trust 2013–I–H–R v. Chitbahal et al.*, 90 N.Y.S.3d 45, 46-47 (N.Y. App. Div. Dec. 5, 2018) (declining to toll the statute of limitations where the reasons for discontinuance of a prior action did not appear in the record). Additionally, although they are "only . . . trial level case[s]" that "this Court is not bound to follow," *Rodland v. Judlau Contracting, Inc.*, 844 F. Supp. 2d 359, 363 (S.D.N.Y. 2012), ten of the thirteen New York trial courts[7] that have considered this issue have found that "[w]ithdrawing the prior foreclosure

---

[7] *See In re Taylor*, 584 B.R. at 595 ("[C]ase law provides some examples of actions which courts have recognized as affirmative acts of revocation, such as the voluntary discontinuance or withdrawal of a foreclosure action[.]") (citing *U.S. Bank Nat. Ass'n v. Deochand*, 2017 WL 1031942, 2017 NY Slip Op 30472(U) (Sup. Ct. 2017)); *Deutsche Bank Nat'l Tr. Co. v. Lee*, 70 N.Y.S.3d 791, 791 (Sup. Ct. 2018) ("Since plaintiff voluntarily discontinued the action before the statute of limitations expired, the court finds the filing of the voluntary discontinuance was an affirmative act by plaintiff to revoke its acceleration. Consequently, the statute of limitations runs anew from the due date of unpaid installments, thereby allowing plaintiff to commence a new foreclosure action under the relevant mortgage, but subject to a new six-year statute of limitations."); *U.S. Bank N.A. v. Crockett*, 2017 NY Slip Op 32572(U), at *5 (Sup. Ct. 2017) ("[T]he 2013 voluntary discontinuance of the 2009 foreclosure action alone raises a triable issue of fact on whether [plaintiff] effectuated a revocation of the acceleration of the subject note."); *U.S. Bank Nat. Ass'n v. Wongsonadi*, 55 N.Y.S.3d 695, 695 (Sup. Ct. 2017) ("Thus, the election

action is an affirmative act of revocation" that tolls the statute of limitations, *4 Cosgrove 950 Corp. v. Deutsche Bank Nat. Trust Co.*, 2016 WL 2839341, 2016 NY Slip Op 32854(U), at *4 (Sup. Ct. 2016).

In light of this (albeit limited) precedent, the Court finds that Plaintiff has sufficiently alleged, at this stage, that the prior voluntary discontinuance tolled the statute of limitations. To overcome this defense at trial, Plaintiff will have to prove that the voluntarily discontinuance indicated that Plaintiff "intended to forgive the default and revoke its acceleration," not "that

---

to accelerate contained in the complaint was nullified when plaintiff voluntarily discontinued the prior action."); *Bank of New York Mellon v. Kantrow*, 66 N.Y.S.3d 652, 652 (Sup. Ct. 2017) ("Plaintiff actively sought to voluntarily discontinue the prior action, which serves as a revocation of the prior acceleration."); *Nationstar Mortg., LLC v. MacPherson*, 54 N.Y.S.3d 825, 833 n.2 (Sup. Ct. 2017) ("Although it is unnecessary in this case, the voluntary discontinuance of the action is an affirmative act revoking any claim of acceleration of the debt."); *Wilmington Sav. Fund Soc'y v. Brophy*, 2017 NY Slip Op 31811(U), at *4 ("In this case, the debt was accelerated by the filing of the summons and complaint in the prior action on October 27, 2008. [Plaintiff's] discontinuance of the prior action within the statute of limitations, however, was an affirmative action of revocation."); *HSBC Bank USA v Sandoval*, 2017 NY Slip Op 32443(U), at *8-9 (Sup. Ct. 2017) ("The Court finds that Plaintiff's distinct intention to discontinue the prior foreclosure action . . . was an affirmative act of revocation which decelerated the loan[.]") (citation omitted); *Ditech Financial LLC v. Naidu*, 2016 WL 6432721, 2016 N.Y. Slip Op 32110(U), at *4 (Sup. Ct. 2016) ("[T]his Court finds that discontinuing the prior foreclosure action was an affirmative act of revocation."); *4 Cosgrove 950 Corp.*, 2016 NY Slip Op 32854(U), at *4; *but see BSD 265, LLC v. HSBC Bank USA N.A.*, 2017 WL 2778454, N.Y. Slip Op. 31373(U), at *5-7 (Sup. Ct. 2017) ("[T]he voluntary discontinuance of the foreclosure action alone did not revoke the acceleration of the mortgage debt and reset the statute of limitations period. . . . While some lower courts have held otherwise, there is no controlling authority holding that the voluntary discontinuance of a foreclosure action, without more, constitutes an affirmative act revoking the acceleration of a mortgage debt."); *US Bank Nat'l Ass'n as Tr. for RASC 2005-AHL 1 v. Ahmed*, 60 Misc. 3d 1217(A), at *3 (N.Y. Sup. Ct. 2018) ("This Court finds that the mere voluntary discontinuance of a foreclosure action, standing alone and without further proof expressing plaintiff's intent, does not constitute an affirmative act revoking the acceleration of the mortgage debt."); *US Bank Nat'l Ass'n for Credit Suisse First Boston Mortg. Sec. Corp., CSMC Mortg. Backed Pass-Through Certificates Series 2006-5 v. Szoffer,* 58 Misc. 3d 1220(A), at *3 (N.Y. Sup. Ct. 2017) ("Here, . . . the only evidence—other than the discontinuance of the prior actions—is that there was no agreement, the Plaintiff never stated or offered to reinstate the loan and no payments were made or accepted. Under such circumstances, the loan was never reinstated and the accelerated loan is unenforceable due to the statute of limitations.").

[Plaintiff] simply intended to bring another foreclosure action for the full amount . . . ." *Cortes-Goolcharran,* 2018 WL 3748154, at *3 (finding that at the pleading stage, plaintiff-mortgagee was "entitled to the more favorable inference" regarding its intent to forgive the default and revoke the mortgage acceleration). For example, if Defendants can establish that they "continued to receive statements that [their] loan was still accelerated and/or being foreclosed" *after* the 2012 voluntary discontinuance, that fact "would negate any inference that [Plaintiff] intended to revoke its acceleration." *Id.*; *see also Freedom Mortg. Corp.,* 2018 WL 3371696, at *2. As noted in *BSD 265, LLC,* it is possible that Plaintiff's "discontinuance of the foreclosure action only evinced the intent of [the bank] to not immediately seek a judgment of foreclosure and sale." N.Y. Slip Op. 31373(U), at *7-8 (citations and internal quotation marks omitted). "[S]uch act is otherwise not inconsistent with [Plaintiff's] insistence that the entire debt be paid." *Id*. (finding that "the mere discontinuance of the foreclosure action, standing alone and without further proof expressing [the bank's] intent, does not constitute an affirmative act revoking the acceleration.").

Accordingly, the Court finds, at this stage, that this action is not time-barred.

C. *Burford* **Abstention**

Lastly, Defendants argue that the Court should abstain, pursuant to *Burford v. Sun Oil Co*., 319 U.S. 315 (1943), from adjudicating this case because "New York has set forth a specific and detailed statutory scheme relating to foreclosure actions." (Defs.' Br., at 15-16.) This argument was recently rejected in this district in *Avail Holding LLC, v. Ramos*, No. 15-CV-7068 (NGG)(LB), 2017 WL 979027, at *2 (E.D.N.Y. Mar. 10, 2017). There, the Honorable Nicholas G. Garaufis held, *inter alia*:

> Defendant has not identified, and the court cannot find, case law that suggests that it is also standard practice for federal courts to defer to state courts when it comes to residential mortgage foreclosure actions. To the contrary, these types of cases are routinely adjudicated in federal court. In the absence of clear precedent that


would compel this court to apply *Burford* to a court-administered program involving mortgage foreclosures, in view of the fact that the legal issues presented in this case are not complex, and in light of established authority directing courts to abstain only in "extraordinary circumstances," the court declines to extend *Burford* to this case.

*Id.* at *5-6 (citations omitted) (collecting cases). For the reasons stated in *Avail Holding*, the Court declines to exercise *Burford* abstention in this case.

## CONCLUSION

For the reasons stated herein, the Adhami Defendants' motion to dismiss is denied.

SO ORDERED.

 /s/ Pamela K. Chen
 PAMELA K. CHEN
 United States District Judge

Dated: February 6, 2019
 Brooklyn, New York

13